UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAYLOR NITKOWSKI,

        Plaintiff,

v.    Case No: 6:22-cv-1163-CEM-EJK

USAA CASUALTY INSURANCE COMPANY,

        Defendant.

## ORDER

This cause comes before the Court on Defendant's Partially Unopposed and Partially Opposed Motion for Rule 35 Examinations of Plaintiff (the "Motion") (Doc. 23), filed January 17, 2023. Plaintiff responded in opposition (Doc. 24), to which Defendant replied (Doc. 29). Upon consideration, the Motion is due to be granted.

**I.     BACKGROUND**

Plaintiff sues Defendant for underinsured and uninsured motorist benefits as a result of injuries Plaintiff sustained in a traffic accident with a third-party motorcyclist. (*See* Doc. 1-1.) Defendant now brings this Motion for an order compelling Rule 35 examinations of Plaintiff by an orthopedic surgeon, a neuropsychologist, a neurosurgeon, and a neurologist. (Doc. 23.) Plaintiff does not oppose three of the four examinations, but specifically objects to the examination by a neuropsychologist. (Doc. 24.) Plaintiff also requests the Court allow Plaintiff's examinations to be videotaped. (*Id.*) Finally, Plaintiff asks that special conditions apply to all four of the

examinations. (*Id.*)

## II. STANDARD

Federal Rule of Civil Procedure 35(a)(1) provides, in relevant part, that the "court where the action is pending may order a party whose . . . physical condition . . . is in controversy to submit to a physical . . . examination by a suitably licensed or certified examiner." The court may enter such order "only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A). The order must also "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

The party moving for a mental or physical examination under Rule 35 has the burden of establishing that the opposing party's physical condition is "in controversy" and demonstrating "good cause" for the Court to order the examination. *See Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). These requirements are "necessarily related" and may be satisfied by the pleading itself when, for example, a plaintiff "in a negligence action . . . asserts mental or physical injury . . . ." *Id.* at 119.

## III. DISCUSSION

### A. Examination by a Neuropsychologist

Plaintiff asserts that Defendant has failed to establish good cause for a neuropsychological examination by Dr. Patrick Gorman. (Doc. 24 at 2.) Plaintiff asserts it would be unduly burdensome, invasive, and cumulative to undergo the

examination. (Doc. 24 at 4.) Plaintiff also states that Defendant has not identified the manner of the examination or how the clinical interview will be conducted—essentially arguing that Defendant has failed to fully comply with Rule 35. (*Id.*)

As an initial matter, the Court finds good cause for Plaintiff to undergo a neuropsychologist examination. Defendant persuasively argues that Plaintiff has alleged a traumatic brain injury with associated cognitive deficiencies. (Doc. 23 at 6.) Therefore, Plaintiff has put his cognitive status at issue in this case.

The Court does not find that the exam by Dr. Gorman would be cumulative, given that this is the only examination Defendant requests that focuses on the mental effects of Plaintiff's alleged traumatic brain injury. (Doc. 29 at 2.) "[M]ultiple independent medical examinations have been authorized pursuant to Rule 35 under appropriate circumstances," including, where, as here, separate injuries call for examinations by different medical specialties. *Santamaria v. McDowell*, No. 3:21-CV-603-BJD-MCR, 2022 WL 1212807, at *5 (M.D. Fla. Apr. 25, 2022). "[T]he *physical* manifestations of brain injury are different from the *neuropsychological* symptoms of cognitive impairment, necessitating separate examinations . . . ." *Id.* at *6 (emphasis in original).

Moreover, the requested timeframe for the examination appears standard and necessary to complete all testing. Defendant has advised that the testing should be completable within four to eight hours, with ten total hours set aside for testing including necessary breaks for Plaintiff. (Doc. 29 at 1–2.) The undersigned concludes that the examination should take as long as necessary, within reason, for Dr. Gorman

to assess Plaintiff's condition. *See Santamaria*, 2022 WL 1212807, at *7 (declining to provide a time limitation for plaintiff's Rule 35 exam).

Plaintiff also asserts that Defendant has not informed Plaintiff of the manner in which Dr. Gorman's exam will be conducted. "During Rule 35 examinations, courts often allow 'routine procedures.'" *Laney v. Hosp. Bd. of Directors of Lee Cnty.*, No. 209-CV-678-FTM-29SPC, 2010 WL 2540598, at *4 (M.D. Fla. June 22, 2010). Defendant has stated that:

> Only examiner and examinee would be in the room together. There would be between 12-15 different types of tests to measure intellectual functioning, verbal comprehension and reasoning, cognitive functioning, attention/concentration, executive functioning, complex reasoning/problem solving, processing speed, motor functioning, visuospatial perception and perceptual integration, learning, memory, psychological functioning, and behavior and adaptive functioning.

(Doc. 29 at 4.) The Court finds this description satisfies Rule 35's requirement to describe the manner, conditions, and scope of the exam. The Court finds that Dr. Gorman is in the most capable position to determine the types of tests to be administered to Plaintiff and is not inclined to impose any further restrictions on the examination, as requested by Plaintiff.

### B. Videography of the Examinations

Additionally, Plaintiff has not persuaded the Court that the presence of a videographer, even by remote means, at any of the examinations is mandated by Rule 35, and the Court does not otherwise find good cause to allow it. *Santamaria*, 2022 WL 1212807, at *8 (denying plaintiff's request to allow a court reporter or videographer to

be present at Rule 35 examinations). "The Court has the discretion to establish conditions for the examination to protect a party from annoyance, embarrassment, oppression or undue burden." *Jackson v. Allstate Prop. & Cas. Ins. Co.*, No. 2:14-cv-717-FtM-38DNF, 2015 U.S. Dist. LEXIS 186385, at *3–4 (M.D. Fla. Mar. 13, 2015). But here, the Court concludes that a videographer's presence is more likely to compromise the examination. To that end, the Court expects that all of the examinations will be completed in a professional manner. *See Hightower v. Macclenny Tire & Lube Inc.*, No. 3:19-cv-219-J-32PDB, 2019 U.S. Dist. LEXIS 207069, 2019 WL 6465057, at *3 (M.D. Fla. Dec. 2, 2019) ("Instead of imposing conditions that detract from the core purpose of the examinations and invite compliance disputes, the Court defers to the traditional standards by which doctors and lawyers are governed for reasonable assurance that the examinations will be conducted in a professional manner.").

### C. Additional Conditions Requested by Plaintiff

Plaintiff requests that the Court impose an additional twenty-eight restrictions on the four Rule 35 exams. (Doc. 24 at 11–17.) "A party seeking limitations or the imposition of a protective order on an independent medical examination bears the burden of demonstrating 'good cause' or 'compelling need' for the request." *Green v. Floyd Cnty., Ky.*, No. CV 09-20-ART, 2011 WL 13324005, at *2 (E.D. Ky. Apr. 18, 2011). "Reasoning that the requirements of Rule 35 are sufficient, some courts are particularly hesitant to impose limitations on an independent evaluation." *Id.* Defendant has outlined the examinations' "time, place, manner, conditions, and scope" as required by Rule 35. Fed. R. Civ. P. 35(2)(B). The undersigned finds no

compelling need to impose any of the additional enumerated conditions requested by Plaintiff.

## IV.   CONCLUSION

Because Plaintiff has placed his physical condition at issue, Defendant has established good cause for taking the examinations and has otherwise complied with Rule 35. Accordingly, it is **ORDERED** as follows:

1. Defendant's Partially Unopposed and Partially Opposed Motion for Rule 35 Examinations of Plaintiff (Doc. 23) is **GRANTED**.

2. Plaintiff shall submit to a physical examination by orthopedic surgeon, Dr. Michael Jablonski, on March 15, 2023, at 10:30 AM at Orlando Health/Jewett Orthopedic at 1717 S. Orange Ave., Suite 103, Orlando, FL 32806, specific to Plaintiff's injury allegations related to his shoulders;

3. Plaintiff shall submit to an examination by neuropsychologist, Dr. Patrick Gorman, PsyD., on March 20, 2023, at 111 North Lakemont Ave., Suite 2D, Winter Park, Florida, 32792 from 8 AM to 6 PM with 5 to 10 minute breaks between testing as needed by Plaintiff and a 1 hour lunch break, specific to Plaintiff's alleged traumatic brain injury with associated cognitive deficiencies;

4. Plaintiff shall submit to a physical examination by neurosurgeon, Dr. David Rosen, on April 10, 2023, at 3:00 p.m. at 265 E Rollins Street, Suite 12000, Orlando, FL 32804, specific to Plaintiff's alleged spinal injuries and related symptoms; and

5. Plaintiff shall submit to a physical examination by neurologist, Dr. Stephan Eisenschenk, on April 18, 2023, at 11:00 a.m. at Veritext, 633 E. Colonial Drive, Orlando, FL 32803, specific to Plaintiff's alleged traumatic brain injury with headaches, head pain, neck pain, and neurological issues.

**DONE** and **ORDERED** in Orlando, Florida on February 16, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE